UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:25-cv-2910-SDM-SPF
                                                           8:24-cr-252-SDM-SPF

VIRAJ ANILKUMAR PATEL

_____/

## ORDER

Patel moves under 28 U.S.C. § 2255 to vacate and challenges the validity of his federal conviction for conspiring to launder money, for which conviction he is imprisoned for forty-six months. Both the conviction and the sentence accord with his plea agreement. Among other claims,[1] Patel alleges that trial counsel rendered ineffective assistance by not appealing.

To prove his claim of ineffective assistance of counsel, Patel must meet the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which test *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains as follows:

> [F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

---

[1] As suggested in *McIver v. United States*, 307 F.3d 1327, 1331, n.2 (11th Cir. 2002), whether Patel is entitled to a delayed appeal warrants resolution before resolving his other claims. As explained at the end of this order, a delayed appeal preserves Patel's other claims for possible review in a future Section 2255 motion.

*Strickland* governs a claim that counsel was ineffective for not appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000); *Thompson v. United States*, 481 F.3d 1297 (2007). Patel's pleading guilty based on a plea agreement, under which he waived most of his right to appeal, does not foreclose his raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to appeal. *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005).

In his supporting memorandum Patel alleges (1) that he expressed to his counsel a desire to appeal, (2) that counsel misadvised him that he could not appeal because he had waived his right to appeal, and (3) that he wanted to appeal what he believed was an erroneous calculation of sentence under the sentencing guidelines. (Doc. 2 at 5) The United States admits (Doc. 7) that, under these circumstances, an evidentiary hearing is necessary. *See Ravikumar Patel v. United States*, 252 F. App'x 970, 974 (2007)[2] (remanding to the district court "to conduct an evidentiary hearing into . . . whether Patel, in fact, requested counsel to file a direct appeal sufficient to trigger the *per se* duty to appeal set forth in *Flores-Ortega*" because "[i]n his § 2255 motion and accompanying memorandum, Patel asserted that he specifically requested his attorney to file an appeal of his sentence and conviction, but noted that counsel failed to do so and did not provide any reasons for ignoring his request"). To conduct an evidentiary hearing, an incarcerated defendant must be brought to a

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36–2.

- 2 -

hearing at considerable expense to the United States Marshal,[3] to the United States Attorney, either to the Federal Defender or to private counsel appointed under the Criminal Justice Act, and to the judiciary.

As the United States represents (Doc. 7), the interest of judicial economy is best served by granting the motion but only to the extent that Patel will have an out-of-time appeal with the assistance of appointed counsel in accord with *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000):

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be re-imposed; (3) upon re-imposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is . . . dictated by Rule 4(b)(1)(A)(i).

The circuit court approves the granting of a motion to vacate without an evidentiary hearing if the district court follows *Phillips*. "A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the *Phillips* procedure." *United States v. Robinson*, 648 F. App'x 823 (11th Cir. 2016) (citing *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005) (*per curiam*)). Allowing a belated appeal yields to the need for judicial economy (given the present

---

[3] Patel is imprisoned in the Allenwood Federal Correctional Institution in White Deer, Pennsylvania.

- 3 -

peculiar state of pertinent law) and neither includes nor suggests a determination that trial counsel was ineffective.

The present motion to vacate is granted-in-part and limited to only the claim that counsel failed to appeal. Patel's remaining issues are not lost because after his appeal Patel can again move under Section 2255, which motion is not barred as second or successive under Section 2255(h), as *McIver v. United States*, 307 F.3d at 1332, explains:

> [W]e hold that ''an order granting a § 2255 petition, and reimposing sentence, resets to zero the counter of collateral attacks pursued.'' *Shepeck [v. United States]*, 150 F.3d [800,] 801 [7th Cir. 1998)]. A successful motion to file an out-of-time notice of appeal therefore does not render subsequent collateral proceedings ''second or successive.''

*See also United States v. Frank*, 353 F. App'x 305, 307 (11th Cir. 2009) (''[T]he 'best approach' is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal because 'collateral claims should not be entertained while a direct appeal is pending,' and '[o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes.''') (quoting *McIver*, 307 F.3d at 1332 n.2) (brackets original).

The motion to vacate (Doc. 1) is **GRANTED** on Ground One, the claim that counsel failed to appeal. The other grounds are **DISMISSED WITHOUT PREJUDICE**. The clerk must (1) enter a judgment for Patel in the civil case and **CLOSE** the civil case and (2) enter a copy of this order in the criminal case and **GRANT** the motion to vacate (Doc. 43) that pends in the criminal case. This matter

- 5 -

is referred to the United States Magistrate Judge, who must appoint counsel in the criminal action for the purpose of appealing. After counsel files an appearance, the court will re-impose sentence and enter a new judgment, and the newly appointed counsel must timely appeal. All further proceedings will occur in the criminal action.

ORDERED in Tampa, Florida, on February 5, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE